IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY RAY WELCH, JR.,              )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )        CASE NO. 1:26-CV-97-WKW
                                   )                [WO]
DOTHAN POLICE DEPT., *et al.*,     )
                                   )
        Defendants.                )

## **ORDER**

Plaintiff Johnny Ray Welch, Jr., an inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1.)  Along with his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (IFP).  (Doc. # 2.)  However, Plaintiff's IFP application was not accompanied by a certified prison account statement as required by 28 U.S.C. § 1915(a)(2).  By Order dated February 17, 2026, Plaintiff was instructed to file his prison account statement from the inmate account clerk showing the average balance in and monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint.  (Doc. # 3 ("February 17 Order").)  The February 17 Order required Plaintiff to "notify the court and Defendants (or Defendants' counsel) of any change in his address within **14 days** following a change of address" and expressly cautioned Plaintiff that his failure to comply would, without further notice, result in

dismissal for failure to prosecute and comply with an order of the court.  (Doc. # 3 at 2.)

Thereafter, Plaintiff filed a prison account statement.  (Doc. # 4.)  Based on that account statement, Plaintiff was ordered to pay an initial partial filing fee of $9.06 by March 26, 2026.  (Doc. # 5.)  However, mail containing the Order directing Plaintiff to pay an initial partial filing fee was returned to the court on March 20, 2026, with the notation, "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  (Doc. # 6.)  The records from Plaintiff's pending state-court proceedings indicate that Plaintiff was released from the Houston County Jail on bond on February 28, 2026.  *See State v. Welch*, DC-2025-901531.00 (Houston Cnty. Dist. Ct.); *State v. Welch*, DC-2025-901547.00 (Houston Cnty. Dist. Ct.); and *State v. Welch*, DC-2025-901548.00 (Houston Cnty. Dist. Ct.).[1]

It has been over a month since Plaintiff was released from the Houston County Jail on bond but, to date, he still has not informed the court of his release and provided an updated address.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and

---

[1] Public records of Plaintiff's state-court proceedings are available on Alacourt.  *See* https://v2.alacourt.com/frmlogin.aspx.

expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with the February 17 Order, despite its express directives and warnings. Consequently, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 8th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE